Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Charles Anderson

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Charles Anderson**, an Arizona resident, | Case No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **KISFLAG, LLC d/b/a Monsoon's Chinese Bistro & Sushi,** an Arizona limited liability company; **Many Excuses, Inc.,** an Arizona corporation; **Kenneth Choi,** an Arizona resident; and **Ki Won Choi,** an Arizona resident, | **(Jury Trial Requested)** |
| Defendants. | |

Plaintiff Charles Anderson, for his Verified Complaint against Defendants, hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**") and failure to make timely payment of wages under the Arizona

Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2.  This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

3.  This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.  Plaintiff's state law claim is sufficiently related to his federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

7.  At all relevant times to the matters alleged herein, Plaintiff Charles Anderson resided in the District of Arizona.

8.  Plaintiff was a full-time, non-exempt employee of Defendants from in or around August of 2014 until on or about May 25, 2017.

9.  At all relevant times, Plaintiff was an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1) and A.R.S. § 23-350, and was a non-exempt employee under 29 C.R.F. §213(a)(1).

10.     Defendant KISFLAG, LLC d/b/a Monsoon's Chinese Bistro & Sushi is a limited liability company, authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

11.     Defendant Many Excuses, Inc. is a corporation, authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

12.     Defendant Kenneth Choi is an Arizona resident.  He has directly caused events to take place giving rise to this action.  Kenneth Choi is the owner of the previously identified corporate entities and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

13.     Defendant Ki Won Choi is an Arizona resident.  He has directly caused events to take place giving rise to this action.  Ki Won Choi is a member of the previously identified corporate entities and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

14.     Under the FLSA, Defendants Kenneth Choi and Ki Won Choi are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendants Kenneth Choi and Ki Won Choi determined the method and rate of Plaintiff's payment of wages. As persons who acted in the interest of the previously identified corporate entities in relation to the company's employees, Kenneth Choi and Ki Won Choi are subject to individual and personal liability under the FLSA.

15.     Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants,

as alleged herein.

16. Defendants, and each of them, are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## FACTUAL ALLEGATIONS

19. Defendants own and operate Monsoon Chinese Bistro & Sushi which is a bar and restaurant.

20. In or around August 2014, Plaintiff commenced employment with Defendants as a cook during the restaurant's day shift, and then doubling as a bouncer during the night shift.

21. As a bouncer, Plaintiff's primary job duties included the following tasks such as, ensuring the safety of patrons and the property, checking IDs, bussing dishes, taking out the trash, cleaning the floor, and escorting patrons to the exit at closing time.

22. At all relevant times in his capacity as a bouncer, Plaintiff was a non-exempt employee and was paid $8.05 per hour.

23. As a cook, Plaintiff's primary job duties included the following tasks such as, stocking food, cleaning food and equipment, and preparing meals for service.

24. At all relevant times in his capacity as a cook, Plaintiff was a non-exempt employee and was paid $13.50 per hour.

25. Thus, regardless of whether Plaintiff was working as a bouncer or as a cook, he was performing non-exempt work on behalf of Defendants.

26. In his capacity as a cook/bouncer, Plaintiff routinely worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for all his overtime hours.

27. For example, in order to subvert the FLSA's overtime laws, after Plaintiff had worked 40 or more hours in a week as a cook, Defendants would classify his remaining hours working as a bouncer—at a reduced rate and without the required time and a half overtime premium.

28. In addition to his cook and bouncer jobs, Plaintiff also worked as a food cart tender.

29. In this capacity, Plaintiff was paid $12.00 per hour in cash or check.

30. Unlike the compensation he received from the cook and bouncer position, Plaintiff's compensation for the food cart position did not go through Defendants' payroll as yet another deliberate way to avoid accurately calculating Plaintiff's hours worked to avoid paying overtime.

31. In or around October 2016, Defendants changed Plaintiff's cook title to that of an "Executive Chef", and began to pay him a salary of $35,000 per year.

32. Other than the change in title, Plaintiff's primary job duties as "Executive Chef" remained unaltered from that of which he performed as a cook.

33. The primary difference in connection with the title change was that Plaintiff was required to work approximately 70-80 hours per week without the ability to earn overtime.

34. In his capacity as an "Executive Chef", Plaintiff did not exercise discretion or independent judgment with respect to matters of significance.

35. In his capacity as an "Executive Chef", Plaintiff did not have authority to formulate, affect, interpret, or implement Defendants' management policies or operating practices.

36. In his capacity as an "Executive Chef", Plaintiff did not carry out major assignments in conducting the operations of Defendants' business.

37. In his capacity as an "Executive Chef", Plaintiff did not perform work that affects business operations to a substantial degree.

38. In his capacity as an "Executive Chef", Plaintiff did not have the authority or discretion to commit the Defendants in matters of significant financial importance.

39. In his capacity as an "Executive Chef", Plaintiff did not have authority to waive or otherwise deviate from Defendants' established policies and procedures without prior approval.

40. In his capacity as an "Executive Chef", Plaintiff did not provide consultation or expert advice to management.

41. In his capacity as an "Executive Chef", Plaintiff was not involved in planning long-term or short-term business objectives.

42. In his capacity as an "Executive Chef", Plaintiff did not investigate and/or resolve matters of significance on behalf of Defendants.

43. In his capacity as an "Executive Chef", Plaintiff did not represent Defendants in handling complaints, arbitrating disputes, or resolving grievances.

44. In his capacity as an "Executive Chef", Plaintiff's primary duty was not the

management of Defendants in which he was employed.

45. In his capacity as an "Executive Chef", Plaintiff did not customarily and/or regularly direct work of two or more employees.

46. In his capacity as an "Executive Chef", Plaintiff did not have the authority to, nor did he, hire or fire other employees.

47. At all relevant time during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

48. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours, and required him to work overtime as a condition of his employment.

49. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

50. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

51. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA and the Arizona Wage Statute were willful.

**COUNT I**
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

52. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

53. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

54. Plaintiff was a non-exempt employee entitled to the statutorily mandated overtime wage.

55. Defendants have intentionally failed and/or refused to pay Plaintiff overtime

wages according to the provisions of the FLSA.

56. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

57. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

58. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

59. Defendants have not made a good faith effort to comply with the FLSA.

60. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
**(FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)**

61. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

62. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

63. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

64. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

65. Defendants failed to timely pay Plaintiff his wages due without a good faith

basis for withholding the wages.

66. Defendants have willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   ii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED August 22, 2017.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 213
Scottsdale, AZ 85260
Attorneys for Plaintiff Charles Anderson

## VERIFICATION

Plaintiff Charles Anderson declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*[signature]*

Charles Anderson